UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA         :

   - v. -                                    :   [Proposed] Protective Order

Ruben Amado-Ortiz, a/k/a "Venegas,"   :   19 Cr. 926 (JMF)

                         Defendant.     :

                                 :

------------------------------------- x

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material."

2. **Sensitive Disclosure Material.** The Government's disclosure material includes the contents of cellphones, which contain material that affects the privacy and confidentiality of individuals (*e.g.*, communications and photographs personal in nature). Accordingly, the contents of all cellphones produced in this matter are deemed "Sensitive Disclosure Material," with the exception that the contents of the defendant's own cellphone is not deemed "Sensitive Disclosure Material."

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

5. **Restrictions on Sensitive Disclosure Material.** Sensitive Disclosure Material disclosed to the defendant or to his counsel during the course of proceedings in this action:

   a. Shall be used by the defendant and his counsel only for purposes of the defense of this action;

   b. Shall be maintained in a safe and secure manner solely by the defendant's counsel and the defendant;

   c. Shall not be duplicated by the defendant or his counsel except for purposes of the defense of this action;

   d. Shall not be disclosed in any form by the defendant or his counsel, including by posting to any Internet site or network site to which persons other than the parties hereto have access or by disclosing to the media or any third party, except as set forth in paragraph 5(e) below; and

   e. May be disclosed by the defendant or his counsel only to the following persons (hereinafter "Designated Persons"), as needed for purposes of defending this action:

i. investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by defense counsel;

ii. independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action;

iii. other prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for hearing or trial preparation; and

iv. such other persons as hereafter may be authorized by the Court upon motion by the defendant.

6. **Provisions for Designated Persons.** The defendant and his counsel shall provide a copy of this Order to Designated Persons to whom they disclose Sensitive Disclosure Material pursuant to paragraph 5(e). The defendant and/or his counsel shall maintain a record of all such Designated Persons to whom they provide Sensitive Disclosure Material. If Sensitive Disclosure Material is provided to any prospective witnesses, pursuant to paragraph 5(e)(iii), counsel shall make reasonable efforts to seek the return or destruction of such materials in accordance with paragraph 7 below. Prior to disclosure of Sensitive Disclosure Material to Designated Persons, pursuant to paragraph 5(e), any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and stating that they "Agree to be bound by the terms herein," and providing such copy to the defendant's counsel. However, the defendant and his counsel need not obtain signatures from any member of the defense team (*i.e.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendant in this case), all of whom are nonetheless bound by this Protective Order.

7. **Return or Destruction of Sensitive Disclosure Material.** Except for Sensitive Disclosure Material that has been made part of the record in this case, the defendant and his counsel shall return to the Government or securely destroy or delete all Sensitive Disclosure Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

8. **Protection of Sensitive Disclosure Material.** The defendant and/or his counsel shall use reasonable care to ensure that the Sensitive Disclosure Material is not disclosed or disseminated to any third parties in violation of this Protective Order. In the event of an inadvertent disclosure of Sensitive Disclosure Material, the defendant and/or his counsel shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Sensitive Disclosure Material and shall use reasonable efforts to secure the return or destruction of the inadvertently produced Sensitive Disclosure Material.

9. **Use of Sensitive Disclosure Material at Public Hearings and Trial.** The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, any appeal therefrom, or sentencing proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court (or their staff) for purposes of the above-referenced action, provided, however, that Sensitive Disclosure Material referenced or included in any written filing should initially be publicly filed in redacted

form or under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

10. **Retention of Jurisdiction.** The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

Geoffrey S. Berman
United States Attorney

by: _____  Date: 1/6/20
Sarah Mortazavi
Cecilia E. Vogel
Assistant United States Attorneys

by: _____  Date: 1/6/20
Samuel Gregory, Esq.
Counsel for Ruben Amado-Ortiz, a/k/a "Venegas,"

SO ORDERED:

Dated: New York, New York
~~December~~ January 14, 2020

_____
THE HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

5